IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
    Plaintiff,

v.                       No.    19-CR-1155-JAP

DARREN BENALLY,
    Defendant.

## DEFENDANT'S OPPOSED MOTION *IN LIMINE* REGARDING DEFENDANT'S PAST HISTORY WITH ALLEGED VICTIM

**COMES NOW**, defendant, Darren Benally, by and through his attorney of record, Amy Sirignano, Esq., of the Law Office of Amy Sirignano, PC, and moves this Court in limine to exclude from trial any evidence, testimony, or mention of Mr. Benally's past history with B.W., the alleged victim in this case.

As grounds for this motion, Mr. Benally asserts the following:

1.     B.W. and Mr. Benally had a romantic and intimate relationship in the past. (Bates US v Darren Benally 0859).

2.     Mr. Benally was indicted on a charge of assault against an intimate dating partner resulting in a substantial bodily injury on April 17, 2019 (Doc. 3), following an alleged physical altercation with B.W. on August 15, 2017. *Id.*

3.     B.W. was interviewed by FBI Special Agent Jeffery Wright on February 13, 2019, at the Navajo Department of Criminal Investigations Shiprock Office. (Bates US v

1

Darren Benally 012). During the course of the interview, B.W. made a number of allegations regarding her past relationship with Mr. Benally. (Bates US v Darren Benally 012-016). These statements include an allegation that B.W. was afraid that Mr. Benally would become violent if B.W. broke up with him; that Mr. Benally had put B.W. in a choke hold during an incident two to three months prior to the alleged incident in this case; that Mr. Benally sometimes carried handcuffs and "seemed obsessed" with them; and that B.W. previously caught Mr. Benally wearing her underwear. (Bates US v Darren Benally 012-013).

4. B.W. was interviewed again by SA Wright on April 4, 2019, at the Farmington Resident Agency of the FBI. During this interview, B.W. alleged that Mr. Benally sexually assaulted her on or about August 14, 2017, which she did not report. (Bates US v Darren Benally 0859). B.W. did not mention this alleged sexual assault during her initial contact with law enforcement after the alleged incident on August 15, 2017, nor did she mention this alleged sexual assault during her previous interview with SA Wright on February 13, 2019.

5. These allegations are not substantiated by any sort of evidence or proof, and are not related to the charge in the Indictment .

# ARGUMENT

I. <u>These Alleged Allegations by B.W. Against Mr. Benally are Improper Character Evidence and are Inadmissible</u>.

Evidence of a "crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); *Old Chief v. United States*, 519 U.S. 172, 181 (1997); *United States v. Benally*, 500 F.3d 1085, 1089 (10th Cir. 2007). These alleged allegations by B.W. against Mr. Benally would be probative of *absolutely nothing* except that Mr. Benally and B.W. share a fraught history. There is no exception to Fed. R. Evid. 404(b)(1) to allow this evidence, since it is irrelevant and the government wants to offer it to improperly show conformity with the allegations in the Indictment. (Doc. 3). B.W.'s statements to law enforcement do not fall into any of the proper methods of admission of character evidence. See Fed. R. Ev. 404(b)(2). The government elicited clearly improper propensity evidence and should be excluded.

II. <u>This Evidence is Irrelevant and Should Be Excluded.</u>

Only evidence which is relevant to the issues may be introduced at trial. Fed. R. Evid. 402; *United States v. Wolny*, 133 F.3d 758, 765 (10thCir. 1998). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Ev. 401(a)-(b). Irrelevant evidence is inadmissible. Fed. R. Ev. 402.

The allegations made by B.W. that Mr. Benally carried handcuffs and that Mr. Benally put B.W. in a choke hold some time prior to the incident alleged in this case are not relevant. These allegations do not make it more or less probable that Mr. Benally assaulted B.W. on August 15, 2017. Additionally, the allegation that Mr. Benally put B.W. in a choke hold is inadmissible as prior bad acts evidence. See Fed. R. Evid. 404(b)(1); *Benally*, 500 F.3d at 1089.

III. <u>Introduction of this Evidence Would be Unfairly Prejudicial to Mr. Benally and Infringes Upon his Right to a Fair Trial</u>.

Evidence, even when otherwise admissible, may be properly excluded when its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; *Huddleston v. United States*, 485 U.S. 681, 687 (1988); *United States v. Guardia*, 135 F.3d 1326, 1329 (10th Cir. 1998).

Any mention of the alleged allegations made by B.W. of Mr. Benally being violent with her in prior instances, sexually assaulting her, or displaying odd behavior such as carrying handcuffs or wearing B.W.'s underwear, would unfairly prejudice the jury against Mr. Benally. *United States v. Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011); *United States v. Aranda-Diaz*, 2014 US Dist. LEXIS 14277 at *6 (D.N.M., 2014) (Browning, J.).

Even a limiting instruction to the jury in this manner would be insufficient to protect Mr. Benally's right to a fair trial. *United States v. Peveto*, 881 F.2d 844, 859 (10th Cir. 1989). These allegations are not sufficiently probative to come anywhere near

4

outweighing the danger of prejudice. Fed. R. Evid. 403; *Huddleston*, 485 U.S. at 687; *Guardia*, 135 F.3d at 1329.

## CONCLUSION

The proffered evidence from B.W., as alleged in the reports by the government is wholly improper, because it is inadmissible character evidence and places Mr. Benally in danger of undue prejudice that is too severe to cure with a limiting instruction to the jury. *Peveto*, 881 F.2d at 859.

Due to the nature of this motion, it is assumed the government opposes it.

**WHEREFORE**, Mr. Benally respectfully requests this Court to order the government and any government witness from making any mention of any of the events alleged in B.W.'s statements during her interviews with SA Wright on February 13, 2019 and April 4, 2019.

Respectfully submitted,

*/s/ electronically filed*
AMY SIRIGNANO, ESQ.
Law Office of Amy Sirignano, PC
5901J Wyoming Blvd., NE #250
Albuquerque, NM 87109
(505) 242-2770
(505) 242-2774 facsimile
amy@abqnmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document was electronically filed using the Court's ECF filing system to opposing counsel AUSAs Raquel Ruiz Velez and Joseph Spindle, on this 5th day of July, 2019.

*/s/ Electronically Filed*
Amy Sirignano, Esq.